18-3007-cv
*Anthony Defalco and Eric Trantel v. MTA Bus Company, Brian Longaro, and Francis Bristow*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

---

ANTHONY DEFALCO AND ERIC TRANTEL,

        *Plaintiffs-Appellants,*             18-3007-cv

        v.

MTA BUS COMPANY; BRIAN LONGARO, MTA POLICE DETECTIVE; AND FRANCIS BRISTOW, MTA BUS COMPANY SUPERVISOR OF MAINTENANCE,

        *Defendants-Appellees,*

METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, HENRY MICYK, MTA POLICE DEPARTMENT DETECTIVE, JOHN MCGOVERN, MTA BUS COMPANY ASSISTANT CHIEF OFFICER, TOM LOSITO, MTA BUS COMPANY GENERAL SUPERINTENDENT, BUTCH MILLER, MTA BUS COMPANY ASSISTANT GENERAL MANAGER,

        *Defendants.*

---

1

FOR PLAINTIFFS-APPELLANTS:        JESSICA E. HARRIS, Gladstein, Reif & Meginniss, LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:        HELENE R. HECHTKOPF, Hoguet Newman Regal & Kenney, LLP, New York, NY.

Appeal from a September 12, 2018 judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 12, 2018 judgment of the District Court be and hereby is **VACATED** and **REMANDED** for further proceedings consistent with this decision.

Anthony Defalco ("Defalco") and Eric Trantel ("Trantel") (jointly, "Plaintiffs"), appeal from a judgment of the District Court granting the motion for summary judgment of Defendants-Appellees ("Defendants") in an action alleging violations of 42 U.S.C. § 1983 and New York law for false arrest, malicious prosecution, and denial of due process in connection with Plaintiffs' arrest, prosecution, and suspension of employment. The District Court's ruling on Plaintiffs' due process claim is not challenged on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision granting summary judgment *de novo*, and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine dispute of material fact and demonstrates the movant's entitlement to judgment as a matter of law." *FIH, LLC v. Foundation Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019) (internal quotation marks omitted).

We vacate the District Court's judgment for the reasons set forth below and remand the cause to the District Court for further proceedings consistent with this decision.

## I.

Plaintiffs dispute the District Court's holding that Defendant Francis Bristow ("Bristow"), a maintenance foreman employed by MTA Bus Company, was not acting under color of law when he personally investigated Plaintiffs as potential participants in a suspected operation to steal MTA batteries, allegedly observed them engage in battery theft, and reported them to MTA police on the basis of that allegation. Contrary to the District Court, we conclude that Bristow was acting under color of law.

As the District Court well stated in its September 11, 2018 Memorandum and Order ("M&O"), "[t]he first element that a plaintiff must establish in a section 1983 claim is state action." M&O at 7. "In order to establish individual liability under § 1983, a plaintiff must show (a) that the

defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiff to be deprived of a federal right. *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). To act under color of state law or authority for purposes of Section 1983, the defendant must have "exercised power possessed by virtue of state law and made possible *only* because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted) (emphasis added). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Bristow is a state employee, and his involvement in the investigation arose directly from his position as an MTA Bus Company foreman. He testified at deposition that the responsibilities of his position included preventing unauthorized removal of batteries from the bus depot. He investigated Plaintiffs' alleged theft on a supervisor's instructions, and he reported his alleged findings and observations to MTA Bus Company officials. The District Court, in determining that Bristow did not act under color of state law, relied upon the conclusion that a non-governmental employee could have engaged in similar conduct. Contrary to that analysis, "[i]f an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity." *West*, 487 U.S. at 56 n.15. Because Bristow undertook all relevant action as a means of carrying out the responsibilities of his official position, we conclude that he acted under color of state law. We therefore vacate the District Court's grant of summary judgment to Bristow.

**II.**

Plaintiffs also appeal the District Court's finding that Defendant Brian Longaro ("Longaro"), an MTA police detective, arrested Plaintiffs with probable cause, thus precluding the claims against Longaro for false arrest and malicious prosecution. Contrary to the District Court, we conclude that a reasonable juror could find from the present record that Longaro made the arrests in question without probable cause.

Probable cause is established "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (internal quotations omitted). When relying on a witness's report of a crime, the arresting officer may lack probable cause where there are "circumstances that raise doubt as to the [witness's] veracity." *Id.* Finally, we have previously noted that "[r]easonable avenues of investigation must be pursued [to establish probable cause] especially when, as here, it is unclear whether a crime had even taken place." *Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994) (*quoting BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986)).

In arresting Plaintiffs, Detective Longaro relied on Bristow's eyewitness statement and written assertions. Based upon an independent review of the record, and taking the facts in the light most favorable to the non-moving party, we conclude that a reasonable juror could determine that Longaro did not have probable cause to arrest Plaintiffs. A reasonable juror could find that Bristow knowingly made misrepresentations to MTA police, and that Longaro was aware of apparent inaccuracies in Bristow's alleged eyewitness account of the theft. A juror could reasonably find, for example, that Longaro, who claimed to have visited the fuel station and engine wash as part of his investigation, would have observed that a wall obstructed the view of the alleged crime scene from Bristow's purposed vantage point. A juror could also reasonably find that Longaro had other reasons to doubt Bristow's credibility generally. For example, one of Bristow's purported eyewitness sources for a related theft allegation claims that he spoke with an MTA police officer, prior to Plaintiffs' arrest and while Longaro was supervising the investigation, and denied ever observing or reporting the conduct that Bristow claims to have learned about from him. Analyzing the facts in the light most favorable to Plaintiffs, a reasonable juror could conclude that Longaro was aware of "circumstances that raise[d] doubt as to [Bristow's] veracity," *Singer*, 63 F.3d at 119, and therefore that Longaro lacked probable cause when he arrested Plaintiffs in reliance on Bristow's allegations. Accordingly, we vacate the District Court's grant of summary judgment to Longaro insofar as it rested on the question of probable cause.

## III.

Because the District Court determined that Bristow was not a state actor and that Longaro had probable cause, it did not address the issue of qualified immunity with regard to either Bristow or Longaro. Without expressing any view on that issue, we remand the cause to the District Court with instructions to consider, in the first instance, whether either Defendant is entitled to a qualified immunity defense. We leave to the discretion of the District Court whether any further discovery is warranted before turning to that issue.

## CONCLUSION

For the foregoing reasons, we **VACATE** the September 12, 2018 judgment of the District Court and **REMAND** the cause to the District Court for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4